**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | | |
|---|---|---|
| STEVEN SEGO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-08-187-EJL-LMB |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| PATRICK McFADDEN and BRIAN | ) | |
| DICKENSON, | ) | |
| | ) | |
| Defendants. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

Currently pending before the Court is Plaintiff's Motion for Default and Third-Party Joinder (Docket No. 10), Plaintiff's second Motion for Joinder (Docket No. 28), Defendant McFadden's Motion to Dismiss (Docket No. 16) and Defendant Dickenson's Motion for Summary Judgment (Docket No. 11) on referral from District Judge Edward J. Lodge.  *See Order of 7/21/08* (Docket No. 9).

Having carefully reviewed the record, the parties have adequately presented the facts and legal arguments in their briefs and record and the decisional process would not be significantly aided by oral argument.  Therefore, in the interest of avoiding delay to the parties, this Report and Recommendation will be issued on the written motions, briefs and state of the record without oral argument.  D. Idaho L. Civ. R. 7.1(d).

For purposes of this Report and Recommendation, Plaintiff's material allegations have

**REPORT AND RECOMMENDATION  - 1**

been accepted as true, and his pleadings have been construed in the light most favorable to him as required by applicable legal standards.

## I.

## BACKGROUND

Plaintiff's Complaint is largely an uncomprehensible recitation of legal allegations that do not appear to have any relevance to this case.  However, construing the factual allegations of the complaint broadly, as best possible, the allegations appear to stem from an incident in which Plaintiff Steven Sego was issued a citation for failing to purchase a driver's license.  Mr. Sego (hereafter, "Plaintiff") alleges that on March 1, 2008, he was traveling on highway 95, when an officer of the Benewah County Sheriff's Department, Defendant Officer Dickenson, who was traveling in the opposite direction, recognized him, turned his patrol car around and followed him until he pulled into a driveway.  He alleges Officer Dickenson then followed him into the driveway.  (Complaint, ¶ 6).  Plaintiff alleges that Officer Dickenson questioned Plaintiff about driving and said, "you're not supposed to be driving, you're suspended." (Id.)  Plaintiff alleges that he denied the officer's accusation.

Plaintiff alleges further that Officer Dickenson then proceeded to ask Plaintiff's wife, the passenger, to produce her driver's license and vehicle registration, and then returned to the patrol car where Officer Dickenson ran a search of Plaintiff's information.  (Id.)  Officer Dickenson issued Plaintiff a citation for "failure to purchase" a valid driver's license. (Complt., ¶ 9.) Plaintiff alleges that he was not speeding, did not have a cracked windshield or otherwise provide probable cause for Defendant Dickenson to run any type of electronic search of Plaintiff's personal records or to issue him a citation.  Plaintiff makes several allegations that Defendant Dickenson was

**REPORT AND RECOMMENDATION  - 2**

threatening because he was carrying a gun, and threatened to take him to jail "by [Officer

Dickerson's] attitude" and by his words.  Plaintiff alleges that he then signed the citations "'TDC

W/O Prej," which he meant "under Threat, Duress, and Coercion, without prejudice" and "under

'threat of arms'." (Complt., ¶ 11.)

Plaintiff alleges that upon returning home, he wrote a letter to Defendant Patrick

McFadden, the State Magistrate Judge who would be presiding over Plaintiff's hearing on the

citation.  Plaintiff informed Judge McFadden that Officer Dickenson had violated Plaintiff's

constitutional rights in rendering the citation, and requested Judge McFadden produce certain

documents.  (Complt., ¶ 13.)  Having received no reply from the State Magistrate Judge,

Plaintiff filed a second document titled "2nd Notice/Fault Notice," and again received no reply to

his request.  (Complt., ¶ 14.)  Instead, Plaintiff further alleges, he received a notice to appear

before Judge McFadden for arraignment on the citation charges.  (Complt., ¶ 15.)  Plaintiff sent

further notices to the court, and made "Special Appearance" at his arraignment.  (Complt., ¶ ¶ 16,

17.)

During the hearing, Plaintiff informed Judge McFadden, among other things, that he did

not violate the law because he has a right to travel under the Ninth Amendment of the U.S.

Constitution, which he retains by not having a driver's license.  Plaintiff further informed Judge

McFadden that he would not enter a plea to the charges because the court had no jurisdiction over

him "as no contract or agreement exists." (Complt., ¶ 17.)  Plaintiff further alleges that he

"refused" the jurisdiction of the State court and stood "mute."  (Id.)  Judge McFadden, Plaintiff

further alleges, informed him that the court had jurisdiction and would, and did, enter a plea on

the record for him.

**REPORT AND RECOMMENDATION  - 3**

Plaintiff alleges that the actions of Judge McFadden and Officer Dickenson, separately and in collusion together, violated his rights guaranteed by several Articles and Amendments to the United States Constitution, as well as numerous federal statutes including, but not limited to, 42 U.S.C. §§ 1983, 1986, 18 U.S.C. §§ 871, 1001 & 1002, 1202, 1621, 2384, 28 U.S.C. §§ 1359, 1361.  Plaintiff seeks an order from this court dismissing his state court case, CR-2008-0000263, pending in Benewah County, Idaho, and for an award of damages in the amount of $2,000,000.

## II.

### PLAINTIFF'S NOTICE AND DEMAND FOR DEFAULT

Plaintiff seeks default against Defendant McFadden for failing to file any response to Plaintiff's Complaint, and against Defendant Dickenson for failing to "deny by affidavit point by point." (Docket No. 10, p. 1.)

**A.      Default and Pleading Standards of Law**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed.R.Civ.P. 55(a).  In *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538 (9th Cir. 1988), the Ninth Circuit noted that "the philosophy of modern federal procedure favors trials on the merits, and default judgments should generally be set aside where the moving party acts with reasonable promptness, alleges a meritorious defense to the action, and where the default has not been willful."  *Id*. at 1546 (internal citation and punctuation omitted).  In other words, default is disfavored over a decision on the merits where it is clear that a Defendant's failure to appropriately respond was not intentional or entirely outside of the bounds of reasonable conduct.

**REPORT AND RECOMMENDATION  - 4**

A defendant's answer to a complaint is due 20 days from the date of service of the summons and complaint, unless the defendant requests a Waiver of Service under Fed.R.Civ.P. 4(d).  In that case, an Idaho defendant has 60 days from the date the waiver was mailed, and an out–of–district defendant has 90 days.  Fed.R.Civ.P. 4(d).  In general, a responding party must "state in short and plain terms" its defenses to each claim and admit or deny the allegations against it.  Fed.R.Civ.P. 8(b).

**B.     Analysis**

Plaintiff filed his Complaint in this case on April 23, 2008. (Docket 1.)   Both summonses were returned executed upon the Defendants on May 19, 2008. (Docket Nos. 2 & 3.)  Judge McFadden did not respond to the Complaint until filing a Motion to Dismiss on September 11, 2009 (Docket No. 16.)  Judge McFadden, however, filed an Objection to Plaintiff's Motion for Default (Docket No. 14), in which he argued that Plaintiff failed to serve the summons and complaint in accordance with federal law.   According to the Affidavit of Judge McFadden, he was not personally served with a copy of the Complaint and Summons, nor was either document left at his dwelling or with an agent authorized to accept service on his behalf.  (Docket No. 14-2).  Accordingly, Judge McFadden argues that Plaintiff failed to comply with Fed.R.Civ.P. 4(c), a prerequisite to an entry of default.

Plaintiff's Return of Service evinces that Plaintiff's Complaint and Summons for Judge McFadden was served by Monte McKee, a "friend," upon the "Court Clerk 'Carol Ryan'" on May 12, 2008.  (Docket No. 2.)   Plaintiff's allegations of wrong-doing against Judge McFadden are based upon actions he took in his judicial capacity presiding judge over the citation hearing. It is conceivable that the Clerk of the Court upon which Judge McFadden sits has authority to

**REPORT AND RECOMMENDATION  - 5**

accept service on his behalf.  Plaintiff, however, sued Judge McFadden personally, and in which case, service upon the Clerk of the Court was probably not effective under the requirements of Fed.R.Civ.P. 4.

It is not necessary for the undersigned to decide this issue.  For purposes of this motion, undersigned assumes that Judge McFadden was properly served.  Entry of default is inappropriate nonetheless in this instance. Judge McFadden filed a timely Objection to the Defendant's motion for default raising the issue of ineffective service of process.  (Docket No. 14.)  He further filed a motion to dismiss the Complaint raising a meritorious defense (see below) on August 11, 2008 . (Docket No. 16.)  Judge McFadden has responded to this action with reasonable promptness and has advanced a meritorious defense.  Under the circumstances, any default, even if entered, would be properly set aside.  *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538 (9th Cir. 1988).

With respect to Defendant Dickenson, he filed an Answer to the Complaint on June 3, 2008, well within the 20 day time frame within which to respond to a Complaint.  (Docket No. 4.) Plaintiff argues that the content of Defendant Dickenson's Answer was not sufficient.  (See Docket 10, p. 1.)  The undersigned has reviewed Defendant Dickenson's Answer and disagrees. Defendant Dickenson sets forth his answer paragraph by paragraph as they correspond to Plaintiff's Complaint, in short and plain statements that fully comply with Fed.R.Civ.P. 8(b). Defendant Dickenson's answers fairly respond to the substance of Plaintiff's allegations, admit parts of allegations that Defendant avers are true and generally denies the remainder of the allegations Defendant.  A general denial of a portion, or all of the allegations set forth in a complaint, in good faith, is allowed under Fed.R.Civ.P. 8(b)(3)&(4).  *See National Millwork*

**REPORT AND RECOMMENDATION  - 6**

*Corp. v. Peferred Mut. Fire Ins. Co. Of Chenango County*, 28 F.Supp. 952 (Dist. N.Y. 1939).

Moreover, even if Defendant Dickerson's Answer was lacking in sufficiency, again default would not be the appropriate remedy. Here, no default judgment has been entered. Defendants filed their Answer timely and alleged meritorious defenses. Accordingly, Plaintiff's Motion for Default against both Judge McFadden and Dickenson should be denied.

## III.

### DEFENDANT DICKENSON'S MOTION FOR SUMMARY JUDGMENT

Defendant Dickenson moves for summary judgment as a matter of law under Fed.R.Civ.P 56 arguing that there is no question of fact in dispute the his conduct in issuing a citation for Plaintiff's failure to purchase a driver's license did not violate Plaintiff's Fourth Amendment rights, as Plaintiff alleges in this Section 1983 action. Defendant Dickenson also points out that Plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364 (1994), and alternatively, or additionally, that this Court should abstain from hearing this matter under *Younger v. Harris*, 401 U.S. 37, 27 L.Ed.2d 669, 91 S.Ct. 746 (1971).

The latter two of Defendant's arguments require dismissal of this action should they prevail, and accordingly, should be addressed preliminarily before the Court would consider the merits of defendant's motion for summary judgment.

### A.    *Heck v. Humphrey*

Defendant argues that Plaintiff's claims amount to a collateral attack on his conviction, which is prohibited by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would

**REPORT AND RECOMMENDATION  - 7**

render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. . . .  [In such a circumstance], the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87.

Here, Plaintiff's claims would "demonstrate the invalidity of [his] outstanding criminal conviction."  *Id*. at 487.  Plaintiff specifically requests that this Court order that the state court action be dismissed, and that he be awarded damages for the defendant's conduct leading to the conviction.  Therefore, he is first required to show that his state criminal conviction has been reversed or vacated.  He has not done so.  Accordingly, the undersigned agrees that Plaintiff's civil rights action is presently barred by *Heck* and is subject to dismissal without prejudice. *See id*.

This conclusion would generally conclude a report and recommendation at this point, but *Wallace v. Kato*, 549 U.S. 384, 127 U.S. 1091 (2007), must be considered.  In *Wallace*, the United States Supreme Court held that that the statute of limitations (in this case, two years under Illinois law) for a claim of an unlawful arrest in violation of the Fourth Amendment, and serving the basis of a Section 1983 civil rights claim, starts to run at the time of the arrest and is not tolled during the time period of a collateral state court proceeding.  *Id.* at 397.   Because the state court proceedings that would result in the necessary procedural predicates to a federal Section 1983 civil rights claim under *Heck v. Humphrey* often are not complete before the statute of limitations on this claim would run, a dismissal even without prejudice would likely preclude Plaintiff's

**REPORT AND RECOMMENDATION  - 8**

claims for all intents and purposes regardless.   Under these circumstances, a district court has the discretion to dismiss the case or to stay the case pending the necessary resolution of the state court proceeding.  *See id.* at 393-94 (*citing Heck* at 487-488, n. 8, 114 S.Ct. 2364) (noting that "abstention may be an appropriate response to state-court proceedings"). Undersigned recommends that this case be stayed for these reasons.[1]

**B.      Abstention under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971)**

Plaintiff's Complaint requests that this federal court intervene in a state court criminal action to provide him with injunctive relief, including dismissal of his criminal conviction. Defendant argues that abstention is appropriate in this matter.

In order for a federal court to properly abstain from hearing a case under the *Younger* doctrine, three factors must be present: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate an important state interest; and (3) there must be an adequate opportunity in the state proceeding to raise the constitutional challenge.  *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521(1982).  Where abstention is appropriate, a federal court may still entertain an action when  "extraordinary circumstances" are present, including: (1)  where irreparable injury is both "great and immediate," *Younger*, 401 U.S. at 46, 91 S.Ct. at 752; (2) where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id*. at 53-54, 91 S.Ct. at 755; or (3) where there is a showing of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief," *id*. at 54, 91 S.Ct. at 755.

---

[1]For internal purposes and docket control, the case would be administratively terminated and reinstated upon notification by the parties of the state court proceeding resolution.

**REPORT AND RECOMMENDATION  - 9**

Abstention does appear appropriate in this case.  *See id.* ("only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts");  *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980); *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir.1972) (per curiam) (federal court will not entertain a habeas corpus petition if state court direct appeal has not yet been completed). Undersigned therefore recommends that this case be stayed alternatively under the *Younger* abstention doctrine.

## C.     Motion for Summary Judgment Stayed

Because the dismissal is recommended as the appropriate ruling in this case under both *Heck v. Humphrey, supra,* and *Younger v. Harris, supra*, at the present time, and because it is recommended that this case be stayed pending resolution of the state court proceedings, a decision on Defendant Dickenson's motion for summary judgment on the merits of the claim is premature, and the motion should be denied without prejudice.

## IV.

## DEFENDANT McFADDEN'S MOTION TO DISMISS

Judge McFadden moves to dismiss on the grounds that he is judicially immune from all of the allegations made against him in Plaintiff's Complaint.  Under *Younger* and *Heck*, Plaintiff's Complaint is subject to dismissal without prejudice, but is recommended that it be stayed. However, because Defendant's motion to dismiss on immunity grounds would result in a dismissal of this Defendant with prejudice, and appears to be meritorious, Judge McFadden's Motion to Dismiss will be considered.

**REPORT AND RECOMMENDATION  - 10**

**A.      Motion to Dismiss Standard of Law**

When analyzing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept

as true the factual allegations contained in the complaint and construe them in the light most

favorable to the plaintiff.  *Mishler v. Clift*, 191 F.3d 998, 1003 (9th Cir. 1999).  Dismissal is

improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of

its claim that would entitle it to relief.  *Id.*  Thus, "'[t]he issue is not whether a plaintiff will

ultimately prevail but whether [he] is entitled to *offer* evidence to support the claims.'"  *Cervantes*

*v. City of SanDiego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (*quoting Scheuer v. Rhodes*, 416 U.S. 232,

236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)) (emphasis in the original).

Generally, with respect to Rule 12(b)(6) motions, the Court may not consider any

evidence contained outside the pleadings; however, a Court may take judicial notice of facts

outside the pleadings which are matters of public record, such as records or reports from courts or

administrative bodies.  *Mullis v. United States Bankruptcy Court for the District of Nevada*, 828

F.2d 1385, 1387 & n.9 (9th Cir. 1987); Fed. R. Evid. 201.  With respect to allegations in a pro se

complaint, said allegations are generally held to less stringent standards than formal pleadings

drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Alternatively, dismissal may be appropriate when the plaintiff has included sufficient

allegations disclosing some absolute defense or bar to recovery.  *See Weisbuch v. County of L.A.*,

119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a

decision one way, that is as good as if depositions and other . . . evidence on summary judgment

establishes the identical facts").

**REPORT AND RECOMMENDATION  - 11**

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Simpson*, 452 F.3d at 1046. The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

**B.      Absolute Judicial Immunity**

Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099 (1978). To determine whether an act is judicial in nature so that immunity would apply, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 1107 (1978).

Once it is determined that a judge was acting in his judicial capacity, absolute immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted). For example, judicial immunity is not lost "by allegations that a judge conspired with one party to rule against another party: 'a conspiracy between judge and [a party] to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless

**REPORT AND RECOMMENDATION  - 12**

does not pierce the immunity extended to judges. . . .'"  *Moore v. Brewster*, 96 F.3d 1240, 1244

(9th Cir. 1996) (quoting *Ashelman v. Pope*, 793 F.2d at 1078).  Absolute immunity for judicial

officers "is justified and defined by the functions it protects and serves, not by the person to

whom it attaches."  *Forrester v. White*, 484 U.S. 219, 227, 108 S.Ct. 538, 544 (1988).

There are two circumstances in which absolute judicial immunity does not apply.  First, a

judge may not rely on immunity when he or she performs an act that is not "judicial" in nature.

*Sparkman*, 435 U.S. at 360, 98 S.Ct. at 1106.  For example, when a judge used physical force to

evict a person from the courtroom, the Ninth Circuit held that the judge performed a nonjudicial

act not covered by absolute immunity.  *Gregory v. Thompson*, 500 F.2d 59, 63 (9th Cir. 1974).

Second, absolute immunity does not apply when a judge acts "in the clear absence of all

jurisdiction."   *Stump v. Sparkman*, 435 U.S. at 356-57, 98 S.Ct. at 1105 (internal citations

omitted).  When immunity is at issue, the scope of a judge's jurisdiction "must be construed

broadly. . . . A judge will not be deprived of immunity because the action he took was in error,

was done maliciously, or was in excess of his authority."  *Id.*

The question of whether a judge acted in excess of his authority in making a judicial

ruling is a distinct issue from the question of whether a judge acted in the clear absence of

jurisdiction.  Even if a judge exceeds his authority in making a judicial ruling in a particular case,

that judge is immune if the case is properly before him.  *Mireles v. Waco*, 502 U.S. 9, 13, 112

S.Ct. 286, 289 (1991).   The difference between acting in the absence of jurisdiction and acting in

excess of authority is made clear in the following example:  "if a probate judge, with jurisdiction

over only wills and estates, should try a criminal case, he would be acting in the clear absence of

jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of

**REPORT AND RECOMMENDATION  - 13**

a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *Stump v. Sparkman*, 435 U.S. at 357, 98 S.Ct. at 1105 (internal citation omitted).

**C.      Analysis**

In this case, Plaintiff complains that his Constitutional rights were violated by Judge McFadden acting outside of his jurisdiction by (1) failing to respond to a letter Plaintiff wrote to him regarding the misdemeanor case, (2) giving Plaintiff notice of his charges, (3) entering a plea (not guilty) on Plaintiff's behalf when he "refused the jurisdiction of the court" and "stood mute" at the arraignment hearing, and (4) by entering his conviction and sentence in the misdemeanor case.  The first inquiry in determining whether Judge McFadden is entitled to judicial immunity is determining whether these performed acts were not "judicial" in nature.  *Sparkman*, 435 U.S. at 360, 98 S.Ct. at 1106.  They clearly were, and Plaintiff alleges no fact that even under the most liberal, favorable construction, could be otherwise.

Second, it is clear and beyond any reasonable dispute that Judge McFadden had jurisdiction to preside over Plaintiff's criminal matter.  In Idaho, the state district court judges have original jurisdiction over all cases and proceedings in law and in equity.  I. C. § 1-705; Idaho Const. art. V, § 20.  District court and magistrate judges have jurisdiction to hear criminal misdemeanor and quasi-criminal actions. I. C. § 1-705; I.C. § 1-2208.  Plaintiff's offense, I.C. § 49-301, operating a vehicle with an invalid license, is a misdemeanor offense.

Plaintiff alleges that the failure of the prosecutor to have the criminal complaint properly verified by the police officer or an injured party deprived Judge McFadden of subject matter jurisdiction.  Undersigned finds no legal authority for this proposition. *See Mauldin v. Burnette*,

**REPORT AND RECOMMENDATION  - 14**

89 F.Supp. 2d 1371, 1379 (D. Ga. 2000) ("Even assuming that the state statute cited by plaintiff was not followed, it is irrelevant because the proper inquiry is whether [] Judge Martin possessed 'subject matter jurisdiction over the case which brought [her] into contact with the plaintiff.'"); *Hick v. Bexar County, Tex.*, 973 F.Supp. 653, 670 (D. Tex. 1997) (plaintiff's claims that city court judges violated state law in entering fines against him for traffic violations rather than setting his case for hearing in a county court were subject to absolute judicial immunity, because [w]here a court has *some* subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes."); *Ireland v. Tunis*, 113 F.3d 1435 (6th Cir. 1997) (allegation that judge issued an arrest warrant without probable cause was not "in the absence of all jurisdiction," but was covered by judicial immunity); *see Stump*, 435 U.S. at 359 ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.")

In Plaintiff's case, Judge McFadden clearly had jurisdiction to hear criminal misdemeanor cases. Therefore, it cannot be said that he acted in "the absence of all jurisdiction" in entertaining Plaintiff's criminal misdemeanor case. If anything, Plaintiff's allegation amounts to a charge that Judge McFadden acted in excess of his jurisdiction over misdemeanor criminal cases, which is an act clearly protected by absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. at 357. Plaintiff's other allegations, including his claim that the State of Idaho, as a party to his action, "does not exist,"[2] are related to Judge McFadden's judicial acts associated with the criminal misdemeanor case, and, in addition to being a ridiculous legal position, are protected also by absolute judicial immunity. Accordingly, Plaintiff's entire case against Judge McFadden should

---

[2]This allegation is also legally frivolous.

**REPORT AND RECOMMENDATION  - 15**

be dismissed with prejudice.

# V.

## PLAINTIFF'S FIRST  MOTION FOR THIRD-PARTY JOINDER

In his first Motion for Joinder (Docket No. 28), Plaintiff seeks to add another Defendant to his Complaint, Douglas Payne.  Mr. Payne appears by the allegations Plaintiff sets forth in his motion, to be the prosecutor of Plaintiff's criminal charge in Benewah County.  Plaintiff alleges that Mr. Payne unlawfully objected to Plaintiff's Notice of Appeal and to Plaintiff's questioning of Defendant Dickenson during Plaintiff's criminal trial.  Plaintiff argues that Mr. Payne acted in collusion with Judge McFadden and violated Plaintiff's constitutional rights.  He seeks to join Mr. Payne to seek damages against him for these violations under 42 U.S.C. Section 1983.

### A.  Third Party Joinder and Motion to Amend Standard of Law

Plaintiff fashions his request in the form of a motion for third-party joinder which is governed by Fed.R.Civ.P. 19.  However, adding another party requires an amendment to Plaintiff's Complaint.  Plaintiff could have amended his Complaint as a matter of right before any Defendant filed a responsive pleading, or withing 20 days of filing his original Complaint. Fed.R.Civ.P. 15(a)(1).   Since neither circumstance is present, Plaintiff must be granted leave of Court under Fed.R.Civ.P. 15(a)(2) to amend his pleading.   In this case, Plaintiff filed his Complaint on April 23, 2008; Defendant Dickenson answered on June 3, 2008 (Docket No. 4); and, Plaintiff filed his motion for joinder on July 28, 2008 (Docket No. 10), without consent of any other defendant.  Accordingly, before reaching the merits of Plaintiff's Rule 19 request, the Court must first consider whether to grant Plaintiff leave to amend.

**REPORT AND RECOMMENDATION  - 16**

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings.  Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so requires."  *See Amerisource Bergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946 (9th Cir. 2006).  However, a district court need not grant leave to amend where the amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."  *Id.*  A party seeking leave to amend a complaint must also submit the proposed amendment to the court.  *See, e.g., Spadafore v. Gardner,* 330 F.3d 849, 853 (6th Cir. 2003)(otherwise court is unable to determine whether to grant leave to amend); *Meehan v. United Consumers Club Franchising Corp.,* 312 F.3d 909, 913 - 14 (8th Cir. 2002) (no abuse of discretion to deny leave to amend when party fails to make motion to amend and to submit proposed amended complaint).

## B.  Analysis

Plaintiff seeks to amend his Complaint to add as a defendant the prosecutor of the citation hearing.  Plaintiff did not include a copy of the proposed Amended Complaint with the allegations against the proposed defendant, and the Court could deny the motion on this procedural basis.  However, because of the duty to construe complaints liberally is even greater in the case of a *pro se* litigant, undersigned recommends the Court consider the motion regardless of Plaintiff's failure to strictly adhere to the requirement to submit a proposed amended complaint.

The factual allegations against Douglas Payne, as set forth in Plaintiff's Motion (Docket No. 10) are:

> 10.) <u>TENTH OBJECTION: This defendant affirms that it is an undisputed fact that Douglas Payne in collusion with Patrick McFadden</u>, obstructed the truth and evidence and witnessing in the court when Douglas Payne objected to this defendant asking Constitutional questions of Brian Dickenson under oath and again when this defendant was explaining to the jury Idaho Statutes 49-301.  When this defendant began talking about 49-

**REPORT AND RECOMMENDATION  - 17**

302 and 49-105 Douglas Payne again objected and both times Patrick
McFadden immediately sustained him.  It is undisputed that this is an act
of collusion under the color of law for the deprivation of this defendant of
his Constitution Rights; Bill of Rights; Article eight(8) [6th amendment] of
the U.S. Constitution. . . .

Docket No. 10, at p. 3 (emphasis in the original).

16.) <u>SIXTEENTH OBJECTION: This defendant affirms</u> that Douglas
Payne's "Motion to Dismiss Appeal" states: "the defendant has currently
another appeal pending in case NO. CR06-1413 and CR06-1415, in which
the charge and courts are the <u>same,</u> as presumably in the <u>issue, ie the
State's powier to require drivers to be licensed.</u>  Therefore it is an
undisputed fact that the cases are the same, so there should be no problem
with the NOTICE OF APPEAL being the same.  This defendant has been
deprived of his rights twice for the same offense, by unlawful conviction
and sentence, therefore he also has the right to appeal twice in view of
justice, as this defendant affirms that he has committed no crime, and that
his Notice of Appeal has been timely and respectfully submitted in good
faith to the best of his ability.  Douglas Payne, is attempt to obstruct
justice by the letter fo the court rules, by depriving this appellant the right
to Constitutionally protected rights under the U.S. Constitution and the
Constitution of the State of Idaho.

Docket No. 10, at p. 5 (emphasis in the original).  Plaintiff also states that Douglas

Payne, as the prosecutor in the criminal citation case, failed to "rebut with his own

affidavit, and there are no facts in dispute and there was not and is not enough evidence

for the state to make a prima facia case...."  Docket No. 10, at p 6, ¶ 19.

Assuming preliminarily that leave would be granted, joining Mr. Payne as a

defendant would not preclude dismissal as discussed above.  The same arguments apply

under *Heck v. Humphrey* and *Younger* abstention doctrine to the allegations Plaintiff sets

forth in his motion against Defendant Payne.

It is well settled that a prosecutor is entitled to absolute prosecutorial immunity

from liability for damages under 42 U.S.C. § 1983 when the alleged wrongful acts were

**REPORT AND RECOMMENDATION  - 18**

committed by the prosecutor in the performance of an integral part of the criminal judicial process.  *Robichaud v. Ronan*, 351 F.2d 533, 536 (9th Cir. 1965); *Imbler v. Pachtman*, 424 U.S. 409 (1976).  Plaintiff makes no allegations against Mr. Payne other than acts taken in the performance of the misdemeanor trial or the appeal.  Mr. Payne, like Judge McFadden, would be immune from the allegations of Plaintiff's complaint as set forth in his motion.  Accordingly, granting leave to amend to add Mr. Payne as a defendant would be futile.  Because Plaintiff's Complaint should be dismissed, Plaintiff's Motion for Third-Party Joinder is moot.  Even if the motion were not denied as moot, it should be denied on the basis of futility and immunity.

## VI.

## PLAINTIFF'S SECOND MOTION FOR JOINDER

On September 22, 2008, Plaintiff filed a second Motion for Joinder of parties (Docket No. 28).  Plaintiff seeks to add two defendants, Tami Hohldal, an officer of the Coeu d'Alene Tribal Police Department, and Robert Kirts, the Sheriff, and separate claims against them.  The allegations against these defendants arise from a separate incident and criminal matter, CR 2006-1415 (Benewah County), though the criminal citation was again a "Drivers License or Commerical Drivers Lisence Violation" that occurred on December 24, 2006.   These claims are also subject to dismissal under Heck v. Humphrey.  For this reason, joinder if futile.  Morever, the factual allegations and claims against these defendants have no nexus or connection to the factual allegations of the current Complaint.  They arise from an entirely separate set of circumstances and

**REPORT AND RECOMMENDATION  - 19**

concern entirely different defendants.  Accordingly, Plaintiff's Motion for Joinder of these parties should be denied.

## VI.

## RECOMMENDATION

In accordance with the foregoing, it is recommended that

1.     Plaintiff's Motion for Default and for Joinder (Docket 10) be DENIED;

2.     Plaintiff's Motion for Joinder (Docket 28) be DENIED;

3.     Defendant McFadden's Motion to Dismiss be GRANTED;

4.     Defendant Dickerson's Motion for Summary Judgment be GRANTED in part and DENIED without prejudice as moot in part; and accordingly, that Plaintiff's Complaint (Docket no. 1) be STAYED as to Defendant Dickenson pending resolution of the collateral state court proceeding.

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1 or as a result that party may waive the right to raise factual and/or legal objections in the Ninth Circuit Court of Appeals.  The parties are advised that this is a report and recommendation and not a final, appealable order, and thus no appeal can be taken from this report and recommendation.

DATED:  **February 10, 2009**.

Honorable Larry M. Boyle
United States Magistrate Judge

**REPORT AND RECOMMENDATION  - 20**